**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

      Plaintiff,

  -vs-                                                     CRIMINAL No. 04-1333 LH

JUAN VALDIVIA,

      Defendant.

**MEMORANDUM OPINION**

**THIS MATTER** comes on for consideration of Defendant's letter to the Court (Docket No. 50), filed April 25, 2012, which is construed as a Motion to Reduce Sentence, pursuant to the retroactive amendment of the Sentencing Guidelines under the Fair Sentencing Act of 2010. The Court, having reviewed the record in this matter, including the Presentence Investigation Report ("PSR"), redisclosed September 15, 2005, and the Memorandum by the United States Probation Office ("USPO Memorandum"), dated April 30, 2012, and the applicable law, finds that it is without jurisdiction to consider Defendant's Motion and it will be **dismissed**.

On July 8, 2005, Defendant entered a guilty plea to a one-count Indictment charging him with possession with intent to distribute more than 50 grams of mixture and substance containing a detectible amount of cocaine base (commonly known as crack cocaine or crack). *See* Plea Min. Sheet (Docket No. 44), filed July 8, 2005; *see also* Indictment (Docket No. 9), filed July 14, 2004; Guilty Plea Agreement ("Plea Agreement") (Docket No. 49), filed Oct. 18, 2005, ¶ 3. The Plea

Agreement included a provision, pursuant to FED. R. CRIM. P. 11(c)(1)(C), that a specific sentence of twelve-years imprisonment was an appropriate sentence in this case.[1]  Plea Agreement ¶ 6(a). Additionally, the government agreed to allow the re-weighing of the cocaine base to determine whether the net weight was less than fifty grams.[2]  *Id.* at 7(b).  The Plea Agreement further provided that, if after re-weighing it was determined that the Federal Sentencing Guidelines provided for a sentence below twelve-years imprisonment, the government agreed that "a sentence in the applicable standard range [was] a reasonable sentence."  *Id.* at ¶ 7(c).  On the other hand, if after re-weighing it was determined that the Guidelines provided for a sentence higher than twelve years, the government agreed "that the defendant should be sentenced to twelve . . . years pursuant to this Fed. R. Crim. P. Rule 11(c)(1)(C) plea agreement."[3]  *Id.*

On October 11, 2005, the Court sentenced Defendant to 144 months imprisonment.  *See* J. (Docket No. 48), filed Oct. 12, 2005.  At the sentencing hearing, the Court also accepted Defendant's plea to the Indictment and adopted the PSR, which was not disputed.  Sentencing Min. Sheet (Docket No. 47), filed Oct. 12, 2005.  Although Defendant was charged with a crack cocaine violation and was sentenced pursuant to a Rule 11(c)(1)(C) agreement, the underlying guideline

---

[1] The statutory sentence applicable to Defendant's conviction, pursuant to 21 U.S.C. § 841(b)(1)(A), was, and remains, a minimum of ten years and maximum of life imprisonment.  *See United States v. Wormley*, 471 F. App'x 837, 839 (10th Cir. 2012) (Tenth Circuit precedent forecloses argument that lower mandatory minimums in Fair Sentencing Act apply retroactively to offenders who were sentenced before the Act's effective date; federal appellate courts are unanimous in this respect; Supreme Court declined to hear this issue and *Dorsey v. United States*, ___ U.S. ___, 132 S. Ct. 2321 (2011), likewise is of no assistance).

[2] A plastic bag containing the drugs at issue was discovered in a toilet.  Defendant believed that the possible exposure of the drugs to water could have altered the cocaine base into a heavier salt and/or, because the drugs were placed in a plastic evidence bag which might have retarded evaporation, that the net weight could have included water. *See* Unopposed Mot. Defense Testing (Docket No. 41), filed June 27, 2005.

[3] Although the Court granted Defendant's subsequently filed Motion requesting further testing, *see* Unopposed Order Allowing Defense Testing (Docket No. 45), filed July 11, 2005, the record does not show what the result of the testing was.  As suggested by the government, the Court concludes that any test results were not favorable to the Defendant.  United States' Resp. Def.'s Letter-Mot. (Doc. 50) (Docket No. 53), filed May 25, 2012, at 7 n.2.

applicable to his sentencing was that addressing career offenders.[4]  *See, e.g.*, PSR ¶¶ 30, 42; USPO Mem.  As a career offender, Defendant's base offense level was 34, which was reduced by three levels for acceptance of responsibility, resulting in a total offense level of 31.  *Id.* at ¶¶ 30-32.  Additionally, as a career offender, Defendant's criminal history category was VI.  *Id.* at ¶ 42.  Based on the total offense level of 31 and a criminal history category of VI, the Guidelines imprisonment range for Defendant was 188 to 235 months.[5]  *Id.* at ¶ 70.

As a general matter, federal courts do not have authority to "modify a term of imprisonment once it has been imposed."  *Freeman v. United States*, ___ U.S. ___, 131 S. Ct. 2685, 2690 (2011) (plurality opinion) (quoting 18 U.S.C. § 3582(c)).  Section 3582 further provides, however, that a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . .*"  18 U.S.C. § 3582(c)(2) (emphasis added).  The United States Sentencing Commission lowered the Guidelines provisions pertaining to crack cocaine on November 1, 2011, retroactively implementing the Fair Sentencing Act.  *See, e.g., United States v. Wilkerson*, No. 11-2236, 2012 WL 2384396, at *2 (10th Cir. June 26, 2012).  At issue here, is whether Defendant, who was sentenced as a career offender pursuant to a Rule 11(c)(1)(C) plea agreement, may benefit from these reductions.

---

[4] Defendant met the career criminal provision because he was at least eighteen years old at the time of the instant offense, which was a qualifying felony offense, and he had at least two prior qualifying felony convictions, armed robbery with a firearm enhancement and trafficking by distribution of cocaine.  PSR ¶ 30 (citing U.S.S.G. § 4B1.1).

[5] If Defendant had been convicted at trial, his total offense level would have been 34 and criminal history category VI, resulting in a guideline imprisonment range of 262 to 237 months.  PSR ¶ 71.

In *Freeman*, the United States Supreme Court addressed the interplay of § 3582(c)(2) and plea agreements under Rule 11(c)(1)(C). Justice Sotomayor, "in a controlling concurrence," *United States v. Fields*, No. 12-2083, 2012 WL 5202191, at *2 (10th Cir. Oct. 23, 2012), concluded that a defendant would be eligible for a sentencing reduction under § 3582(c)(2) "when a [Rule 11(c)(1)](C) agreement *expressly* uses a Guidelines sentencing range to establish the term of imprisonment, *and that range* is subsequently lowered by the Commission," *Freeman*, 131 S. Ct. at 2698 (Sotomayor, J., concurring in judgment) (emphasis added).

As discussed above, Defendant was sentenced as a career offender, pursuant to a Rule 11(c)(1)(C) agreement, not under the Sentencing Guidelines provisions regarding crack cocaine. Defendant's original sentence, then, was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and this Court lacks jurisdiction to consider his Motion. *See, e.g., Wilkerson*, 2012 WL 2384396, at *3-5 (citing cases showing that it is "well-settled law" in Tenth Circuit that sentence calculated on interaction between statutory maximum sentence of life and career offender guideline not affected by amendment to Guidelines retroactively implementing the Fair Sentencing Act; also finding *Freeman* inapplicable as district court did not grant departure or variance from career offender sentencing range, so "no reason to believe that its sentence was in any way based on other Guidelines range"). Thus, Defendant's Motion to Reduce Sentence will be **dismissed for lack of jurisdiction**.

An Order will issue contemporaneously with this Memorandum Opinion.

_____
**SENIOR UNITED STATES DISTRICT JUDGE**